941 F.2d 1212
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lee A. KNOWLIN, Petitioner-Appellant,
v.
Marianne A. COOKE, Warden, Kettle Morraine Correctional
Institution. Respondent-Appellee.
 No. 90-3332.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Aug. 23, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Lee Knowlin appeals the denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On April 1, 1986, Knowlin pleaded guilty in a Wisconsin circuit court, admitting the commission of an armed robbery while masked in violation of Wis.Stats. §§ 943.32(2), 939.05 and 946.62. Knowlin now contends that his plea is constitutionally deficient because 1) he did not fully understand the elements of the offense to which he pleaded guilty and 2) due to his low mental capacity, his plea was not "intelligent and voluntary." We agree with the district court that Knowlin's guilty plea was not constitutionally deficient.
 
 
 2
 "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." United States v. Broce, 109 S.Ct. 757, 765 (1989) (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984). The Broce opinion explains that because a guilty plea is an admission that the accused committed the crime charged, a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. at 762 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)).
 
 
 3
 Upon review of the record, we are convinced that Knowlin's contentions are meritless. Knowlin admitted to receiving a copy of the indictment against him. The trial court carefully explained, and Knowlin stated that he understood, all the elements of the crime and the rights that Knowlin would give up upon pleading guilty. Knowlin's counsel assured the court that he had thoroughly discussed the charge with the defendant. In short, there is nothing in the record to indicate that Knowlin did not understand the charge to which he pleaded guilty.
 
 
 4
 The state court record was replete with references to Knowlin's low intellectual capacity, including recognition that Knowlin had been previously found not guilty of a similar crime by reason of mental disease and defect. The court, both at the guilty plea hearing and at sentencing, thoroughly investigated this issue. The court reviewed evidence of Knowlin's mental state, including records from Knowlin's commitment on the earlier charge and current assessments of his mental state. The state court concluded that Knowlin commanded the requisite mental capacity to understand the proceedings.
 
 
 5
 We agree with the district court that the state trial court did not err in accepting the guilty plea. The decision of the district court denying the petition for writ of habeas corpus is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs